Grainger, J.
(concurring). I agree with the result of the majority opinion because I conclude that the plaintiffs’ behavior was commercially unreasonable and tantamount to a breach of the settlement agreement. The protracted nature of the parties’ dispute before they agreed to a settlement is irrelevant to this appeal. The plaintiffs have raised only two issues: (1) Whether the payment schedule was a material part of the settlement, and (2) Whether the defendants breached the settlement agreement.
In the absence of a stipulated time for payment and without even a standard provision that “time is of the essence,” the parties had an obligation to perform within a reasonable time. The defendants’ offer to pay $17,500 at the time of signing the settlement agreement and to remit the balance of $10,000 within three weeks was reasonable under any recognizable standard of commercial dealing.
The payment schedule offered by the defendants cannot sensibly be characterized as a material departure from the settlement terms. The use of $10,000 for twenty-one days had an arguable value between $7.77 and $18.95 at the time in question.[1] The offer to pay the second installment within three weeks thus, at *549 most, can be claimed to have reduced the value of the $27,500 settlement by between .0003 and .0018 (.03% and .18%).
I am unpersuaded by the assertion that requiring the plaintiffs to execute a signed copy of the previously negotiated agreement including the defendants’ proposed payment schedule was a repudiation of the settlement. For whatever reason, the intended execution of a signed copy of the agreement had been subject to delay.[2] The defendants’ manifest desire was to confirm, not repudiate, the agreement. If the plaintiffs desired to quibble over the point they were required to counter the proposed payment schedule with a different, but also reasonable, proposal. While such an exchange might eventually have resulted in unraveling the agreement, the alacrity with which the plaintiffs demanded an additional $2,500 and then filed suit on the following day suggests strongly that the defendants’ desire to secure the plaintiffs’ signature on the existing agreement was based on a legitimate concern, accurately perceived.

 The United States Treasury Department set the Federal Reserve Prime Interest Rate at 3.25% throughout 2010. See http://www.federalreserve.gov/ releases/H15/data.htm [https://perma.cc/AZ7B-CHH3 ]. Application of this rate is generous to the plaintiffs, as many market rates, including regulated benchmarks (e.g., rates applied to unpaid taxes), reduce that rate by 200 basis points, in this case to 1.25%.

 The plaintiffs’ counsel expressed concern during the period of delay that he did not “want to give the clients too much time to rethink this.” Subsequent events have justified this remark.